CARL D. POPLAR, PA
Carl D. Poplar, Esquire
1010 Kings Highway South, Building 1
Cherry Hill, New Jersey 08034
(856) 216-9979

JACOBS & BARBONE, P.A.
A Professional Corporation
Attorneys at Law
1125 Pacific Avenue
Atlantic City, New Jersey 08401
(609) 348-1125
jacobsbarbone@comcast.net
Attorneys for Nicholas M. DePace, M.D.

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| UNITED STATES OF AMERICA AND THE STATE OF NEW JERSEY, ex rel. NICHOLAS M. DEPACE, M.D., <br><br> Plaintiff <br><br> v. <br><br> THE COOPER HEALTH SYSTEM, a New Jersey Non-Profit Corporation (Cooper Hospital), et als <br><br> Defendants. | Civil Action No. 08-5626 (JEI) <br><br> AFFIDAVIT OF NICHOLAS L. DEPACE, M.D. IN SUPPORT OF PLAINTIFF'S APPLICATION FOR EMERGENT RELIEF, TO REOPEN PURSUANT TO L. CIV. R. 41.1(b) AND FOR THE COURT'S DETERMINATION ON THE REASONABLENESS OF ATTORNEYS' FEE PURSUANT TO L.CIV. R. 103.1(a). |

STATE OF NEW JERSEY:
                            SS.
COUNTY OF CAMDEN:

  Nicholas L. DePace, M.D., of full age, being duly sworn according to law upon his oath, deposes and says:

  1. I am the relator in the above-captioned action brought pursuant to the *qui tam* provisions of the False Claim Act, 31 U.S.C. §3730(b) and the New Jersey False Claims Act, N.J.S.A. 2A:31C-1, et. seq., and file this Affidavit with the United States District Court for the purpose of invoking the Court's supplemental jurisdiction to hear and decide the disputes which have arisen since the Court entered its Order on January 24, 2013. (Exhibit 1).

2.     Until the filing of this application for emergent relief and this Motion to Reopen, I was at all times from February of 2008 to the date of Settlement Agreement, represented by Marc Raspanti, Esquire and Michael Morse, Esquire of the firm of Pietragallo, Gordon, Alfano, Bosick & Raspanti, LLP. Given the current dispute, I am now represented by Carl D. Poplar, Esquire, and Louis M. Barbone, Esquire of the firm of Jacobs & Barbone, P.A. The instant application has been necessitated by my former attorneys having filed a Petition to compel private arbitration of the current fee dispute in the Philadelphia Court of Common Pleas on February 19, 2013. (Exhibit 2). Additionally, by my former attorneys having filed a motion in the Philadelphia Court of Common Pleas on February 21, 2013 to preserve the status quo of disputed funds in their possession paid pursuant to the *qui tam* settlement. (Exhibit 3). The Petition and motion filed by my former attorneys require under Pennsylvania law, answers and responses on or before March 13, 2013.

3.     The instant dispute with my former attorneys had been the subject of conference with all parties present on February 6, 2013. Thereafter, my current and former attorneys agreed to correspond and discuss resolution of the fee dispute. As of February 20, 2013, I understood that discussion continued between counsel and in fact received the letter of Mr. Alfano of the Pietragallo law firm representing that "we would work through resolution of this dispute". (Exhibit 4). The very next day however I and my current counsel received a copy of Mr. Alfano's Petition to compel private arbitration (Exhibit 5) and on the following day received Mr. Alfano's motion to preserve disputed funds, all filed in the Philadelphia Court of Common Pleas.(Exhibit 6).

4.     The current dispute with my former attorneys springs directly from the Settlement Agreement executed by all parties on January 17, 2013 (Exhibit 7). In Paragraph 3 of the Terms and Conditions (Exhibit 7, page 3), I was supposed to receive the "settlement amount" by an electronic funds transfer pursuant to written instructions provided by my former attorneys. The settlement amount, namely $2,394,000 was never electronically transferred to me, because my former attorneys had that money wired directly to their law firm's account following the payments made by the United States and the State of New Jersey. I never authorized my attorneys to accept that money on my behalf, and have demanded that they pay the settlement amount to me pursuant to the terms and conditions of the settlement agreement. To date, they have refused to do so and have instead paid a portion of that money, namely $430,000 to my account while unilaterally deciding to retain all of the rest in their account. (Exhibit 4).

5.     The Settlement Agreement also provided in paragraph 4 of its Terms and Conditions that "full payment" of expenses, attorneys' fees and costs were to be paid by defendant Cooper directly to my former attorneys. That money was in fact paid to the Pietragallo law firm on or about February 6, 2013. (Exhibit 7, paragraph 4, page 3).

6.     The "full payment" made to the Pietragallo law firm was based upon the firm's itemization of all legal fees, costs and expenses incurred throughout the entire timeframe of the action from their initial engagement to the date of Settlement Agreement. The firm's invoice for "total fees" most of which was calculated upon hourly

2



billing rates of between $650 and $425, resulted in a total invoice of balance due in the amount of $458,420.55. (Exhibit 8). Pursuant to the terms of the Settlement Agreement, specifically paragraph 4 (Exhibit 7, page 3), the Pietragallo firm agreed to accept "full payment" at $430,000 for those expenses, attorneys' fees and costs.

7. On January 31, 2013, my former attorneys, Mr. Raspanti and Mr. Morse, provided a memorandum regarding the distribution of my share per a Contingent Fee Agreement executed February 15, 2008. (Exhibit 9). I refused to sign the proposed distribution because the Pietragallo firm intended to take as a fee from my share of the settlement the sum of $720,918.25 over and above the defendant's payment of "full fees" in the amount of $430,000. I deem the position of my former attorneys in claiming entitlement to a total legal fee in the amount of $1,150,918.25 to be unreasonable and in violation of what I understand to be the controlling Rules of Professional Conduct promulgated pursuant to New Jersey Supreme Court. The firm's claim to an additional $720,918.25 would represent a total fee value of 268%, an extraordinary and unreasonable level of compensation. The firm's actual fees as proposed in their Memorandum of Disbursement (Exhibit 9), were never disclosed within the Settlement Agreement itself, and were never approved by this Court. Notwithstanding the attempt to resolve the dispute with my former firm, they have now filed independent actions in the Philadelphia Court of Common Pleas in an effort to usurp this Court's jurisdiction. As such, I seek an Order of the Court enjoining the Pietragallo firm from continuing to prosecute those actions in the Philadelphia Court of Common Pleas, until such time as this Court addresses my application to reopen, enforce the terms of the settlement and for judicial review of the reasonableness of fees charged by the Pietragallo law firm.

_____
Nicholas L. DePace, M.D.

Sworn and subscribed to
before me this 26 day
of February, 2013.

_____
Louis M. Barbone
An Attorney at Law
State of NJ

3