UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| UNITED STATES OF AMERICA and THE STATE OF NEW JERSEY, ex rel. NICHOLAS M. DEPACE,<br><br>        Plaintiff,<br><br>    v.<br><br>THE COOPER HEALTH SYSTEM, et al.,<br><br>        Defendants. | HONORABLE JOSEPH E. IRENAS<br><br>CIVIL ACTION NO. 08-5626 (JEI/AMD)<br><br>**OPINION** |

**APPEARANCES:**

CARL D. POPLAR
1010 Kings Highway South
Building Two
Cherry Hill, NJ 08034

JACOBS & BARBONE, ESQS.
By: Louis M. Barbone
1125 Pacific Avenue
Atlantic City, NJ 08401
    Counsel for Nicholas M. Depace

PIETRAGALLO GORDON ALFANO BOSICK & RASPANTI, *pro se*
By:  Jesse Abrams-Morley, Esq.
     Gaetan J. Alfano, Esq.
1818 Market Street, Suite 3402
Philadelphia, PA 19103


**IRENAS**, Senior District Judge:

Pending before the Court is Relator Nicholas DePace's Motion for Stay of Proceedings in the Court of Common Pleas of Pennsylvania (the "Motion for Stay").  (Dkt. No. 65.)  For the

1

reasons discussed below, Relator's Motion for Stay will be denied.

**I.**

The only facts included herein are those relevant to the instant motion. More background can be found in the Court's prior Opinion in this matter, *United States* ex rel. *DePace v. Cooper Health System*, -- F. Supp. 2d --, 2013 WL 1707952 (D.N.J. 2013).

On November 12, 2008, Relator Nicholas DePace, M.D., initiated this *qui tam* action against the Cooper Health System, Cooper University Hospital (collectively "Cooper"), and Cardiovascular Associates of the Delaware Valley, P.A. (Pietragallo Br. in Opp. Ex. H., at 1.)[1] Dr. Depace's action was pursuant to the *qui tam* provisions of the Federal False Claims Act, 31 U.S.C. § 3730(b), and the New Jersey False Claims Act, N.J. Stat. Ann. § 2A:32C-1, *et seq*. (*Id*.) Throughout the *qui tam* litigation, Dr. DePace was represented by the law firm of Pietragallo, Gordon, Alfano, Bosick, & Raspanti, LLP (the "Pietragallo Firm"). The representation was pursuant to a

---

[1] Citations in this form are to "Respondent's Brief in Opposition to Plaintiff's Application for Emergent Relief Pursuant to L. Civ. R. 65.1, Motion to Reopen Pursuant to L. Civ. R. 41.1(b) and Motion to Invoke the Court's Review of Counsel Fees Pursuant to L. Civ. R. 103.1(a)."

contingency fee agreement (the "Contingency Fee Agreement") under which Dr. DePace agreed to pay the Pietragallo Firm only if he was successful in the *qui tam* litigation.  (*Id*. Ex. G, at 3.)

The *qui tam* litigation settled on January 22, 2013. (Joint Stipulation of Dismissal of Relator's Compl.)  Under the settlement, Dr. DePace received $2.394 million. (*Id*.)  In addition, the Pietragallo Firm received $430,000 from Cooper in statutory attorneys' fees and costs under the fee shifting provisions of the Federal False Claims Act.  (*Id*.)

After settlement of Dr. DePace's *qui tam* litigation, the Pietragallo Firm attempted to recover from Dr. DePace the fees owed under the Contingency Fee Agreement.  Dr. DePace refused to pay these fees on the grounds that the Contingency Fee Agreement was no longer enforceable because the Pietragallo Firm had already received payment for their legal services from Cooper under the terms of the settlement.  In response, on February 19, 2013, the Pietragallo Firm filed a petition in the Philadelphia Court of Common Pleas to compel private arbitration of the fee dispute.  (DePace Application for Emergent Relief to Reopen, at 1.)[2]  On February 21, the Pietragallo Firm filed a motion in the

---

[2] Citations in this form are the Dr. DePace's "Application for Emergent Relief to Reopen Pursuant to L. Civ. R. 41.1(b) and for the Court's Determination of Reasonableness of Attorneys' Fee Pursuant to L. Civ. R. 103.1(a)," which was filed on February 26, 2013.

Philadelphia Court of Common Please to preserve the status of disputed funds. (*Id*.)

Five days later, on February 26, 2013, Dr. DePace filed in this Court an Application for Emergent Relief (the "Application"), asking this Court to stay the state court proceedings initiated by the Pietragallo Firm, and to find that the Contingency Fee Agreement was unenforceable. (Dkt. No. 27.) At oral argument on Dr. DePace's Application, the Pietragallo Firm agreed not to move forward with the state court proceedings until this Court had ruled on Dr. DePace's Application. (Pietragallo Br. in Opp. to Pl.'s Mot. for Stay Ex. A.)

In an Opinion dated April 22, 2013, this Court denied Dr. DePace's Application, finding that the Contingency Fee Agreement was fully enforceable. (Dkt. No. 57.) Dr. DePace appealed this Court's decision to the Third Circuit on May 20, 2013. (Dkt. No. 60.)

As a result of the Pietragallo Firm's agreement not to pursue the state court proceedings until resolution of the matter before this Court, Dr. DePace had until May 15, 2013, to respond to the petition filed in the Court of Common Pleas. (Pietragallo Br. in Opp. to Pl.'s Mot. for Stay, at 4.) Dr. DePace did not answer the petition, and on May 17, the Honorable Arnold L. New entered an order compelling mediation and, if necessary, arbitration. (*Id*. Ex. B.)

On May 28, 2013, the Pietragallo Firm filed a complaint in arbitration seeking payment of the fees it incurred in litigating the fee dispute before this Court.³ (*Id.* Ex. C.) The Pietragallo Firm seeks in excess of $100,000 in fees. (*Id.*)

On June 5, 2013, Dr. DePace filed a motion for reconsideration and/or stay of Judge New's order compelling mediation and, if necessary, arbitration. (*Id.* Ex. D.) This motion was denied on June 20, 2013. (*Id.* Ex. H.)

After the denial of his motion for reconsideration, Dr. DePace filed the instant Motion for Stay. In his Brief in Support of Motion for Stay, Dr. DePace first states that he seeks "an order staying a Pennsylvania arbitration initiated by the [Pietragallo Firm]." (Pl.'s Br. in Supp. of Mot. for Stay, at 1.) However, later in his brief, Dr. DePace asks this Court to stay the "Pennsylvania state court proceedings pertaining to arbitration pending resolution of Plaintiff's appeal to the Third Circuit." (*Id.*, at 10.) Based on Dr. DePace's brief, the Court is uncertain whether his desired relief is a stay of the private arbitration ordered by Judge New, or a stay of the actual proceedings before Judge New. Regardless of the relief Dr.

---

³ Pursuant to the Contingency Fee Agreement, "[i]f a dispute requiring arbitration arises under this agreement, the prevailing party will be entitled to attorney's fees, even if we represent ourselves in this matter." (Pietragallo Br. in Opp. Ex. H, at 6.)

5

DePace seeks, however, his Motion for Stay will be denied.

**II.**

As an initial matter, the Court questions whether it has jurisdiction to grant Plaintiff's request for a stay.  "The filing of a notice of appeal is an event of jurisdictional significance - it confers jurisdiction on the court of appeals and divests the district court of its control over those aspects of the case involved in the appeal." *Griggs v. Provident Consumer Discount Co.*, 459 U.S. 56, 60 (1982).  This rule has "the salutary purpose of preventing the confusion and inefficiency which would of necessity result were two courts to be considering the same issue or issues simultaneously." *Venen v. Sweet*, 758 F.2d 117, 121 (3d Cir. 1985).

In the instant case, it is not immediately apparent that the issues before the Third Circuit on appeal are the same as those presently before this Court.  The Third Circuit is not being asked to decide whether a stay of state court proceedings or arbitration is appropriate and, further, the Pietragallo Firm's entitlement to fees incurred in representing themselves in a fee dispute, which forms the basis of the state court ordered private arbitration, is not at issue in Dr. DePace's appeal. Nonetheless, several courts have held that once a notice of

appeal has been filed, a district court may not enjoin a state court proceeding. *See Am. Town Ctr. v. Hall 83 Assocs.*, 912 F.2d 104 (6th Cir. 1990); *Henry v. Farmer City State Bank*, 808 F.2d 1228 (7th Cir. 1986); *Energy Dev. Corp. v. St. Martin*, 2001 WL 839851 (E.D. La. 2001).

For example, in *Henry*, the plaintiffs' complaint was dismissed by the district court. 808 F.2d at 1240. Plaintiffs appealed the dismissal, and while the appeal was pending, filed a suit in state court based on the same underlying facts, but asserting different causes of action. *Id*. The defendants then moved for an order enjoining the state court from proceeding. *Id*. The United States District Court for the District of Illinois granted the defendants motion for an injunction, but the Seventh Circuit reversed. *Id*. According to the Seventh Circuit, the facts in *Henry* "illustrate[] the potential danger" of having a federal district court and a federal appeals court assert jurisdiction over a case simultaneously. *Id*. at 1241. Specifically, the Seventh Circuit reasoned that:

> [i]n issuing its injunction, the district court naturally assumed that its rulings would be upheld on appeal. At the time that the notice of appeal was filed, however, it was possible that the district court would be reversed. Had we reversed the dismissal of the amended complaint, the district court would then have been in the unenviable position of having issued an injunction to protect and effectuate a judgment reversed on appeal. It is precisely such conflicting rulings that the rule transferring jurisdiction from

7

>     the district court to the appellate court upon the
>     filing of a notice of appeal is designed to prevent.

*Id*.

This Court agrees with the Seventh Circuit's reasoning, and therefore holds that it does not have jurisdiction to grant Dr. DePace's Motion for Stay, regardless of whether the stay is of state court proceedings or private arbitration. Granting the stay requested by Dr. DePace could potentially lead to an even more confusing situation than in *Henry*. While in *Henry*, the defendants asked the district court for an injunction to protect and effectuate a judgment which the district court had already rendered, here, Dr. DePace asks the Court to order a stay to protect and effectuate a potential future judgment by the Third Circuit reversing this Court's April 22 Opinion. Were this Court to issue the stay, it may end up in the "unenviable position" of having stayed a state court proceeding or private arbitration in order to protect a potential future judgment which is never rendered. *See id*. Preventing this sort of confusion is the "salutary purpose" of the rule divesting a district court of jurisdiction once a notice of appeal has been filed. *C.f. Venen*, 758 F.2d at 121. Therefore, Dr. DePace's Motion for Stay is denied for lack of jurisdiction.

8

**III.**

Even if this Court had jurisdiction to order the stay requested by Dr. DePace, it would choose not to do so. To the extent that Dr. DePace asks this Court to order a stay of "Pennsylvania state court proceedings pertaining to arbitration," his Motion must be denied as moot.[4] The Philadelphia Court of Common Pleas already ordered mediation and, if necessary, arbitration, on May 21, 2013. (Pietragallo Br. in Opp. to Pl.'s Mot. for Stay Ex. B.) Further, the Philadelphia Court of Common Pleas rejected Dr. DePace's motion for reconsideration of the order to mediate and, if necessary, arbitrate, on June 20, 2013. (*Id.* Ex. H.) Quite simply, there is nothing left before the Philadelphia Court of Common Pleas pertaining to arbitration that this Court can enjoin.

Insofar as Dr. DePace asks this Court to stay the arbitration ordered by Judge New, his motion also must be denied. Both parties agree on the standard which is used to determine

---

[4] Further, the Anti-Injunction Act, 28 U.S.C. § 2283, would bar this Court from ordering such a stay. The Anti-Injunction Act states that "[a] court of the United States may not grant an injunction to stay proceedings in a state court except as expressly authorized by Act of Congress, or where necessary in aid of its jurisdiction or to protect or effectuate its judgments." 28 U.S.C. § 2283. The Anti-Injunction Act "works as an absolute prohibition against any injunction of any state-court proceedings, unless the injunction falls within one of the three specifically defined exceptions in the Act." *Vendo v. Lekktro-Vend Corp.*, 433 U.S. 623, 630 (1977). Clearly, none of these exceptions apply in the instant case.

whether a stay pending appeal should be granted. (Pietragallo Br. in Opp. to Mot. for Stay, at 21; DePace Br. in Supp. of Mot. for Stay, at 7.)  Specifically, for this Court to issue a stay pending appeal, Dr. DePace must demonstrate (1) a likelihood of success on the merits; (2) that he will suffer irreparable harm if the stay is denied; (3) that granting the stay will not result in even greater harm to the nonmoving party; and (4) that the public interest favors such relief.  *See Conestoga Wood Specialties Corp. v. Secretary of U.S. Dept. of Health and Human Services*, 2013 WL 1277419, at *1 (3d Cir. 2013).  "A plaintiff's failure to establish any element in its favor renders a" stay pending appeal inappropriate.  *See id*.

    Dr. DePace cannot satisfy the criteria for granting a stay pending appeal because he cannot satisfy the first requirement - a likelihood of success on the merits.  Similar to this Court's decision in *Westmont Dev. Group, LLC v. Twp. of Haddon*, 2009 WL 2230910, at *1 (D.N.J. 2009),  Dr. DePace's assertion that he is likely to succeed on the merits is "tantamount to a motion for reconsideration."  The arguments advanced by Dr. DePace are "indistinguishable from those rejected" in the Court's Opinion of April 22, 2013.  *See id*.  The Court does not believe that decision was in error, and therefore is not persuaded that Dr. DePace has shown a likelihood of success on the merits.  Because

10

Dr. DePace cannot satisfy the first requirement for a stay pending appeal, his Motion for Stay must be denied.[5]

**IV.**

For the foregoing reasons, Dr. DePace's Motion for Stay is denied.  An appropriate Order will accompany this Opinion.

Dated: July __29__, 2013

    __s/Joseph E. Irenas__

**Joseph E. Irenas, S.U.S.D.J.**

---

[5] The Court is aware of the possibility that the Anti-Injunction Act would also prohibit a Motion to Stay a state court ordered arbitration.  There is a disagreement among federal courts as to whether an arbitration proceeding ordered by a state court constitutes a "proceeding[] in a state court" under the Anti-Injunction Act.  *Compare Prudential Real Estate Affiliates, Inc. v. PPR Realty, Inc.*, 204 F.3d 867, 879-880 (9th Cir. 2000) *with Big Apple Cookie Co. v. Springwater Cookie Co.*, 517 F. Supp. 367, 370-71 (S.D. Ohio 1981).  Because the Court finds that a stay pending appeal is improper, it does not reach the question of whether the arbitration in this case is a state court proceeding.